# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2022

Lyle W. Cayce
Clerk

No. 21-50576
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

David Leon Suttle,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-29-1

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Defendant-appellant David Leon Suttle appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). This Court reviews a denial of a motion for compassionate

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

release for abuse of discretion.[1] A district court abuses its discretion when its decision is based on a legal error or clearly erroneous facts.[2]

In a recent decision, *United States v. Sauseda*, this Court held that, to allow meaningful appellate review over an order denying compassionate release, the district court must provide "specific factual reasons" for its decision, unless we can infer those reasons from the record.[3] When the order itself lacks a factual explanation, we can look, for example, to transcripts from an earlier sentencing hearing.[4] But if the sentencing judge was not the same judge as the one deciding the motion for compassionate release, those transcripts fail to illuminate the reasoning behind the order on compassionate release.[5]

The district court's analysis of Suttle's motion, in full, was as follows: "After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court DENIES the Defendant's Motion on its merits." This order is materially identical to the order issued in *Sauseda*.[6] Also, as in *Sauseda*, a

---

[1] *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

[2] *Id.*

[3] *United States v. Sauseda*, No. 21-50210, 2022 WL 989371, at *2 (5th Cir. Apr. 1, 2022). Although *Sauseda* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

[4] *Id.*

[5] *Id.*

[6] The sole distinction between this case and *Sauseda* is that, here, the Government filed an opposition to the defendant's motion for compassionate release. *Cf. id.* (noting that "the Government did not object or otherwise file any response."). But in this case, the district court did not adopt the Government's reasoning, or otherwise indicate that the Government's arguments provided the "specific factual reasons" for its decision. *Id.*.

No. 21-50576

different judge presided over the sentencing, leaving us without any basis to infer the district court's reasoning from the record.[7] Because we cannot determine the "specific factual reasons" behind the district court's decision, we have no meaningful basis to exercise our appellate review over Suttle's motion for compassionate release.[8]

Accordingly, we VACATE the district court's order denying Suttle's motion for compassionate release and REMAND for reconsideration consistent with this opinion.

---

[7] *See id.*

[8] *Id.*